669 So.2d 1160 (1996)
C. Robert CROW, M.D., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, etc., Appellee.
No. 95-918.
District Court of Appeal of Florida, Fifth District.
March 22, 1996.
James Edward Cheek, III, of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for Appellant.
Raoul G. Cantero, III, of Adorno & Zeder, P.A., Miami, for Amicus Curiae, Florida Medical Ass'n. and Dade County Medical Ass'n.
Robert A. Butterworth, Attorney General, Tallahassee, and Allen R. Grossman, Assistant Attorney General, Tallahassee, for Appellee.
HARRIS, Judge.
Appellant, C. Robert Crow, M.D., timely appeals from a final administrative order of *1161 appellee, State of Florida, Agency for Health Care Administration, Board of Medicine, rendered March 16, 1995. The final order is a declaratory statement issued pursuant to section 120.565, Florida Statutes and constitutes a final agency action reviewable on appeal.
Crow is a physician licensed to practice medicine in Florida. He sold his practice located in Leesburg, Florida to Integrated Home Health Care, Inc. (IHHC). Pursuant to Crow and IHHC's agreement, IHHC hired Crow as a physician/employee. Crow owns no interest in IHHC. His patients are clients of IHHC and all fees are paid to IHHC. In turn, IHHC pays Crow a flat salary for his services. Pursuant to the agreement, Crow informed each patient of his relationship with IHHC, but he maintains exclusive control over the medical diagnosis and treatment of patients, and IHHC has no authority to exercise control over Crow's professional judgment or the manner in which he renders medical care to patients.
Crow filed a petition for declaratory statement before the Board of Medicine which suggested a proposed agreement concerning payment of fees and sought a determination that the proposal would not violate section 458.331(1)(i), Florida States. The petition explained:
Petitioner desires to amend his employment agreement with IHHC to provide for IHHC to pay to Petitioner a salary based upon the prior fiscal year's total practice revenues from physician services (medical diagnosis and treatment of patients) personally performed by or under the direct supervision of Petitioner (hereinafter referred to as "practice revenues"). Pursuant to the proposed amendment, Petitioner's base salary for each subsequent year will be equal to 35% of the practice revenues for the prior year. The proposed amendment further provides for the payment of a year-end bonus equal to 40% of practice revenues over a pre-set target level. The target level for each year will be determined by dividing the prior year's salary base by 35%. Petitioner anticipates that this employment arrangement with IHHC will allow him to engage exclusively in the practice of medicine and will relieve him of the business management responsibilities of practice.
Petitioner requests that the Board of Medicine interpret Section 458.331(1)(i), Florida Statutes, in light of the proposed amendment to his employment agreement with IHHC and state whether the proposed compensation arrangement would constitute a "fee-splitting arrangement" in violation of the referenced statutory provision.
The Board of Medicine made the following findings:
3. Section 458.331(1)(i), Florida Statutes, prohibits certain financial arrangements by physicians. Specifically:
Paying or receiving any commission, bonus, kick-back, or rebate, or engaging in any split-fee arrangement in any form whatsoever with a physician, organization, agency, or person, either directly or indirectly, for patients referred to providers of health care goods and services...
* * * * * *
5. As applied to the situation described in this petition, the Board concludes that a salary based on a percentage of the previous year's revenues and a year-end bonus based on current year revenues would each be in violation of the prohibition set forth in Subsection 458.331(1)(i), Florida Statutes. However, the Board further concludes that an arrangement limited only to those fees generated for the professional services of the physician and those under the physician's direct supervision, (such as an ARNP or PA) without reliance on fees generated for any ancillary services (e.g. laboratory, radiology, diagnostic testing, or out-patient surgery, whether provided at the physician's practice location or elsewhere) or equipment as a result of the physician's referral of patients for such services or equipment, would be acceptable.
WHEREFORE IT IS HEREBY ORDERED AND ADJUDGED:
To the extent that the arrangement proposed by Petitioner would provide for either a salary or a year-end bonus based *1162 upon total revenues generated by Petitioner for IHHC, such an arrangement would be in violation of the prohibition set forth in Subsection 458.331(1)(i), Florida Statutes. However, to the extent that such arrangements are based solely on the fees generated for IHHC by Petitioner's professional services actually rendered and those rendered by PA's or ARNPs under Petitioner's direct supervision, they are permitted by law.
This appeal followed.
Crow argues that section 458.331(1)(i) prohibits only payment or receipt of commissions, bonuses, kickbacks, or rebates, or a split-fee arrangement in exchange for referral of patients. He submits that his proposal sought compensation in the form of an annual salary calculated on the amount of services rendered to IHHC's patients based on a percentage of the volume of his prior year's services to be increased in the event his volume exceeded the projected estimate. His position is that since all services which form the basis for his compensation will be performed "in house" by IHHC, no "referral of patients" will take place.
We agree with the Board of Medicine that this interpretation is too narrow. The statute is clear that bonuses may not be paid for patient referrals. Although Crow and the Florida Medical Association and Dade County Medical Association (Amicus herein) are concerned that the Board's declaratory statement exceeds the question raised in Crow's petition, the Board's finding is appropriately connected with the question. The Board explains in its statement that a salary or year-end bonus is inappropriate in a circumstance that would constitute a referral; i.e. where ancillary services are ordered and IHHC bills for those services. Crow asserts that since he did not mention billing for ancillary services in his petition, the Board should not have addressed that issue. Crow is correct in stating that his proposal is based on a salary which is a percentage of "physician services (medical diagnosis and treatment of patients) personally performed by or under the direct supervision of Petitioner (hereinafter referred to as `practice revenues.'") But the situation addressed by the Board could easily arise in his proposed arrangement with IHHC, and the Board is justified in pointing out pitfalls that it sees. In this case, the Board is making it clear that selling one's practice to an HMO is not a loophole to section 458.331(1)(i).
It is also clear that the Board was concerned with the possibility that an employee physician's medical judgment might be skewed where that physician benefits financially from overutilization of ancillary tests and services even if performed by IHHC.
We believe that the Board answered Crow's inquiry and answered his inquiry correctly.
AFFIRMED.
W. SHARP, and ANTOON, JJ., concur.